Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6834 | **DATE** | 7/24/2001 |
| **CASE TITLE** | SERRANO vs. BRILEY | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, respondent's motion to dismiss the petition for a writ of habeas corpus is granted. This dismissal may not be appealed unless this court or the Court of Appeals issues a certificate of appealability. If petitioner seeks a certificate of appealability from this court, petitioner should explain why "reasonable jurists could debate whether (or, for that matter, agree that), the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 26 2001 date docketed | 16 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 01 JUL 25 AM 8:12 | 7/24/2001 date mailed notice | |
| JS | courtroom deputy's initials | Date/time received in central Clerk's Office | JS mailing deputy initials | |



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Armando Serrano, ) | |
| ) | |
| Petitioner, ) | No. 00 C 6834 |
| ) | |
| v. ) | Judge Ronald A. Guzmán |
| ) | |
| Kenneth Briley, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM OPINOION AND ORDER

Before the Court is respondent's motion to dismiss petitioner Armando Serrano's petition for writ of habeas corpus, filed October 27, 2000, pursuant to 28 U.S.C. §2254. For the reasons set forth herein, the motion is granted.

### BACKGROUND FACTS

Petitioner Armando Serrano is a prisoner at the Stateville Correctional Center in Joliet, Illinois. On October 21, 1994, after a bench trial in the Circuit Court of Cook County, petitioner was found guilty on two counts of murder and one count of attempted armed robbery. He was sentenced to a term of 45 years imprisonment on the murder counts and 10 years on the attempted robbery count, with the sentences to run consecutively. Petitioner appealed, and on October 23, 1997, the Illinois Appellate Court affirmed. On February 2, 1999, the Illinois Supreme Court denied petitioner leave to appeal.

On August 9, 1999, petitioner filed for post-conviction relief with the state court, pursuant to 725 ILCS 5/122-1 et seq. That petition was denied as untimely on October 29, 1999. Petitioner's late notice of appeal was denied on March 29, 2000, and a subsequent petition for



rehearing was denied on May 18, 2000. On October 27, 2000, petitioner filed the present petition for a writ of habeas corpus. In his petition, he avers, *inter alia*, that he was denied due process of law and that he was denied effective assistance of counsel. On January 30, 2001, respondent filed this motion to dismiss the petition as untimely.

## DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA") which established a 1-year limit for filing a petition pursuant to § 2254. Under the AEDPA, a prisoner who seeks relief from a state court must file his petition within the latest of four dates:

> the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States removed, if the applicant was prevented from filing by such State action;

> the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Owens v. Boyd*, 235 F.3d 356, 357 (7th Cir. 2000). For petitions filed before the effective date of the AEDPA, the period of limitations began to run on April 24, 1996. Thus, where one has been convicted prior to April 25, 1996, he would have until April 27, 1997, to file. *Gendron v. United States*, 154 F.3d 672, 675 (7th Cir. 1998); *see also Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320, 138 L. Ed. 481, 117 S. Ct. 2059 (1997). The AEDPA 1-year time limit is tolled, however, for the "time during which a properly filed application" for state post-conviction relief is pending. 28 U.S.C. § 2244 (d)(2). The Seventh Circuit has held that a petition for post-conviction relief in state court

2

may be treated as "properly filed" if it reaches the merits of the claim." *Freeman v. Page,* 208 F.3d 572 (7th Cir. 2000).

In this case, petitioner was convicted on October 21, 1994, thus ordinarily the 1-year limit would not have begun to run until the AEDPA effective date of April 23, 1996. However, petitioner's conviction would not become final until February 2, 1999, when the Illinois Supreme Court denied leave to appeal. Thus, the 1-year time limit began to run either on that day, or at latest on May 3, 1999, when his time for filing for a writ of certiorari with the United States Supreme Court expired.

Petitioner claims that the time during which his post-conviction attack was pending tolled the time limit. The AEDPA, however, clearly states that only a *properly filed* petition for post-conviction relief will toll the time limit. 28 U.S.C. 2244(d)(2). On October 29, 1999, the Circuit Court of Cook County denied his request for post conviction relief as untimely, without reaching the merits, and thus the petition cannot be considered properly filed, so as to toll the 1-year time limit.[1] *See id; see also Freeman,* 208 F.3d at 573-74. Petitioner filed a late notice of appeal to the Illinois Appellate Court on February 29, 2000, which was denied on March 29, 2000. He filed a petition for rehearing to the Illinois Appellate Court on April 26, 2000, which was denied on May 18, 2000. Thus, petitioner had until February 2, 2000, or May 2, 2000 at the latest, to file his petition in this court. Accordingly, as the present petition was not filed until October 27, 2000, it is untimely and therefore dismissed (#10-1).

---

[1] Petitioner contends that the trial court erred in dismissing the post-conviction petition on the basis of timeliness because, according to Illinois law, the time limit for post conviction relief has been interpreted as an affirmative defense, and thus should have been raised by the state in a responsive pleading and not by the court. *See People v. Johnson,* 312 Ill. App. 3d 532 (5th Dist. 2000) (Citing *People v. Wright,* 189 Ill.2d 1 (1999)). As this is purely a matter of Illinois law, however, it would be improper for this court to issue a ruling and thus we decline to do so.

3

## CONCLUSION

This dismissal may not be appealed unless this court or the Court of Appeals issues a certificate of appealibility. 28 U.S.C. 2253(c)(1). If petitioner seeks a certificate of appealability from this court, petitioner should explain why "reasonable jurists could debate whether (or, for that matter, agree that), the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

**IT IS SO ORDERED**                    ENTERED: 7/24/07

*[signature]*
HON. RONALD A. GUZMAN
**United States Judge**